IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MARQUISE FIGURES,**

    **Plaintiff,**

v.                                              Case No. 3:19-cv-00728

**CHAD HALE;**
**VANCE KEATON,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court are Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2), and Defendants' Motion to Dismiss With Prejudice pursuant to Fed. R. Civ. P. 41(b), (ECF No. 40). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Defendants' Motion to Dismiss, (ECF No. 40), be **GRANTED;** Plaintiff's complaint, (ECF No. 2), be **DISMISSED**, and this action be removed from the docket of the court.

I.    **Relevant History**

On October 7, 2019, Plaintiff filed the complaint herein, alleging that he was subjected to excessive force by the defendants, who were correctional officers at the Western Regional Jail and Correctional Facility in Barboursville, West Virginia. (ECF No.

1

2). According to Plaintiff, the defendants attacked him on April 2, 2019, after he asked for a new inmate pin number. (ECF No. 2).

On January 10, 2020, before the defendants had entered an appearance in the case, Plaintiff notified the Clerk of Court that he had a change of address. (ECF No. 16). Plaintiff indicated that he now resided in Toledo. Ohio. (*Id.*). On February 4, 2020 and February 20, 2020, the defendants filed Motions to Dismiss, asserting that the complaint should be dismissed for a variety of reasons. (ECF Nos. 20, 21, 24, 25). On June 3, 2020, the Court granted the defendants' motions in part, and denied them in part. (ECF No. 28). In sum, the Court dismissed Plaintiff's request for money damages against the defendants in their official capacities, but allowed Plaintiff to pursue his monetary claims against the defendants in their personal capacities.

On June 11, 2020, the Court entered an Order, setting the case for an initial status conference. (ECF No. 29). The Court stated in the Order that a letter had been sent to Plaintiff on June 2, 2020 asking Plaintiff to advise the Court of whether he wanted to attend the status conference in person or by electronic means, but Plaintiff had not responded to the letter. (*Id.*). Therefore, the Court ordered that, unless it heard otherwise from Plaintiff, he was expected to appear in person at the conference, which was set on June 30, 2020 at 1:30 p.m. (*Id.*). According to the Court's docket, Plaintiff received the Order setting the case for an initial status conference. Plaintiff did not contact the Court upon receiving the Order, or at any time prior to the conference.

On June 30, 2020, the defendants appeared by counsel at the status conference, but Plaintiff failed to appear. (ECF No. 32). The Court discussed with counsel whether Defendants had received any communication from Plaintiff, which Defendants answered in the negative. (*Id.*). Consequently, the Court proceeded to ender a Scheduling Order

2

without input from Plaintiff. (ECF No. 33). The Order required the parties to make initial disclosures, exchange specific additional information, conclude all discovery by December 31, 2020, and file dispositive motions by the end of January 2021. (*Id.*). A review of the docket sheet reflects that Plaintiff received a copy of the Scheduling Order.

Defendants attempted thereafter to engage in discovery with Plaintiff, but notified the Court that Plaintiff refused to participate. (ECF No. 37). Plaintiff failed to file the court-ordered initial disclosures and failed to respond in any fashion to written discovery tendered to him by Defendants. (*Id.*). Defendants' counsel wrote to Plaintiff, inquiring as to the status of the discovery answers, but that letter was also ignored by Plaintiff. (*Id.*). Defendant Hale filed a Motion to Compel the discovery responses, and the Court granted the motion. (ECF Nos. 37, 39). Plaintiff was given ten days to provide full and complete answers to discovery. Plaintiff did not comply with the Order.

On January 12, 2021, the defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b). (ECF No. 40). Defendants argue that Plaintiff has wholly failed to prosecute his case since notifying the Court of his change of address in January 2020. (ECF No. 41). Defendants point out that Plaintiff did not respond to their first motions to dismiss, did not appear at the scheduled status conference, did not acknowledge and sign the Agreed Protective Order tendered by Defendants, did not provide the information ordered by the Court regarding his injuries and medical expenses, did not respond to discovery, and ignored the Court's Order compelling discovery responses. (*Id.*).

On January 13, 2021, the Court directed Plaintiff to respond to the Motion to Dismiss no later than February 8, 2021. (ECF No. 42). Plaintiff was advised that, ordinarily, a failure to respond within the allotted time would support a conclusion that Defendants' contentions were undisputed and could result in a dismissal of the complaint.

3

The Court's docket indicates that Plaintiff received the Order, but did not file a response to the Motion. More than one month has passed since the response was due to be filed, and Plaintiff has made no contact with the Court.

## II. **Discussion**

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."[1]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978). "Those criteria, however, are not a rigid four-prong test." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019), *as amended* (June 10, 2019) (citations and markings omitted). The propriety of dismissal ultimately

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

rests on the facts of the case and the sound discretion of the court. *Id.*

Having considered each of these factors, in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Plaintiff received the Court's orders providing him with time to respond to motions, setting a scheduling conference, issuing a pretrial schedule, compelling disclosures and discovery; yet, Plaintiff entirely ignored all of those directives. Moreover, since providing the Clerk with his change of address in January 2020, Plaintiff has made no effort to participate in the prosecution of his claims. In essence, he has willfully and intentionally abandoned those claims. These failures add up to a case history of Plaintiff proceeding in a deliberately dilatory fashion.

This civil action has been pending on the Court's docket for seventeen months and for the last fourteen months, there has been no action by, nor communication from, Plaintiff. Thus, Plaintiff is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendants given that witnesses become unavailable and memories become stale with the passage of time. In this case, defendants hired counsel, attempted to conduct discovery, filed disclosures, and attended a court-ordered conference, all without any participation from Plaintiff. Furthermore, considering that Plaintiff has now disregarded the attempted contacts made by the defendants, and the orders of the Court, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96. In sum, Plaintiff "contravened multiple rules and court orders while failing to alert the district court to any problems justifying [his] actions," *Attkisson,* 925 F.3d at 626, leaving the Court with only two options: dismiss the case, or allow it to sit on the docket dormant. The latter option is patently unfair to the defendants.

Therefore, the undersigned recommends that Defendants' Motion to Dismiss be **GRANTED** and the case be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b).

### III. Proposal and Recommendation

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED**, and this action be removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the adverse party, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to provide a copy of the same to Plaintiff and counsel of record.

**DATED**:  March 11, 2021

Cheryl A. Eifert
United States Magistrate Judge